UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>   Plaintiff,<br><br>   v.<br><br>LANAI GARDEN CORPORATION,<br><br>   Defendant. | Case No.   20-cv-08918-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPAINT**<br><br>Re: Dkt. No. 19 |

In this disability rights case, Plaintiff Samuel Love brings this action against Lanai Garden Corporation, a California Corporation ("Lanai"), which operates a hotel in San Jose, California. Love alleges that Lanai's reservation website does not reasonably identify and describe the accessible features of the hotel, in violation of federal and California law. Presently before the Court is Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint ("Mot."). Dkt. No. 19. Having considered the parties' briefing, the relevant law, and the record in this case, the Court **GRANTS** the motion to dismiss.[1]

**I.   BACKGROUND**

   **A.   Factual Allegations in the Complaint**

Love is a paraplegic who "is substantially limited in his ability to walk" and "uses a wheelchair for mobility. First Am. Compl. ("FAC"), Dkt. No. 16 ¶ 1. Because of his disability,

---

[1] The Court took this motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1

Love requires an accessible guestroom when he travels and needs information about the "accessible features in hotel rooms" at the time of booking so that "he can confidently book these rooms and travel independently and safely." FAC. ¶ 13. Lanai owns and operates the Best Western Lanai Garden Inn & Suites (the "Hotel"). *Id*. ¶ 2.

On October 21, 2020, Love accessed the Hotel's website to make a reservation for his trip to San Jose, California in March 2021.[2] *Id*. ¶¶ 14, 16. The Hotel's website has a "Hotel Amenities-Accessible Rooms" tab that provides a list of accessible public spaces and accessible guest room features, but Love alleges this information is insufficient because the website labels features "'accessible' without any description or detail" such as "accessible lobby entrance door" or "accessible bathroom and features, including shower/tub."[3] *Id*. ¶ 19. According to Love, these "one-word opinions or conclusions" do not provide description or detail and thus he lacks essential information about the guest room's accessibility features, including about the bed, toilet, sink, and shower. *Id*. ¶ 20, 26.

Love contends the Hotel is required by federal regulations to describe the core features in accessible guest rooms "in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." *Id*. ¶ 23 (citing 28 C.F.R. 36.302(e)(1)(ii)). More specifically, Love alleges the Hotel is required to disclose:

- that "he can actually get to (and into) the bed, i.e., that there is at least 30 inches width on the side of the bed so his wheelchair can pull up next to the bed for transfer," (*id*. ¶ 27);
- "basic information about the height of the toilet" and "if there are grab bars" for the toilet, (*id*. ¶ 28);
- that the bathroom sink "has knee clearance to get his wheelchair up to and under the sink so he can use it" (*id*. ¶ 29);

---

[2] Located at https://www.bestwestern.com/en_US/book/hotel-rooms.05604.html?iata=00171880&ssob=BLBWI0004G&cid=BLBWI0004G;goole:gmb:05604
[3] Although Love allegedly cites directly from the Hotel website, the Court could not find this particular language located anywhere on the Best Western Lanai Garden Inn & Suites web page.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

1   • whether the shower includes "a seat, grab bars and detachable shower wand[.]" (*id*. ¶ 30).

2   Thus, he contends that because the Hotel "has failed to identify and describe and/or failed to provide" the "core accessibility features in enough detail," the Hotel's website is in violation of the Americans with Disabilities Act (ADA) of 1990. FAC. ¶ 33. The result is that he is unable to engage in an online booking of a hotel room with "any confidence or knowledge about whether the room will actually work for him due to his disability." *Id.*

Love also explains that he would like to patronize the Hotel but is deterred from doing so "because of the lack of detailed information through the hotel's reservation system." *Id.* ¶ 36. He plans to use the Hotel's reservation system to book a room when it has been represented to him that the Hotel's website reservation system is accessible. *Id*. ¶ 35.

### B. Procedural History

Love filed the Complaint in this case on December 5, 2020, and filed the First Amended Complaint on March 15, 2021. Love brings claims (1) under the ADA, alleging Lanai has failed failure to ensure its reservation policies and procedures identify and describe accessible features in the Hotel and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs, and (2) under the California Unruh Civil Rights Act, which provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f); *Id.* at 9-11. He seeks injunctive relief compelling Lanai to comply with the ADA and Unruh Civil Rights Act, as well as equitable nominal damages, statutory damages, and reasonable attorney's fees and costs. *See id.* at 11.

Lanai filed the present motion on March 29, 2021, arguing that several courts have already concluded that the type of information provided on its reservations website fully complies with the ADA, and that commentary from the U.S. Department of Justice ("DOJ") makes clear that the Hotel has provided all the information that is required. Mot. to Dismiss Pl's. First Am. Compl. ("Mot."), Dkt. No. 19.

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
4

### III. REQUESTS FOR JUDICIAL NOTICE

Lanai asks the Court to take judicial notice of several documents submitted in connection with its Motion to Dismiss and Reply. *See generally* Request for Judicial Notice ("RJN"), Dkt. No. 19-2; Request for Judicial Notice in Support of Reply ("Reply RJN"), Dkt. No. 22. Love does not oppose Lanai's requests.

In general, the Court may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, except for documents incorporated into the complaint by reference and any relevant matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

RJN Exhibits 1 and 2 are copies of the landing page of Lanai's website, including the page providing guest room details. RJN ¶¶ 1-2. Courts may take judicial notice of websites and their contents. *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (citing cases). Further, the Court may consider the website pages under the doctrine of incorporation by reference because they are documents whose contents are alleged in the complaint and on which the complaint necessarily relies. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, the Court takes judicial notice of RJN Exhibits 1 and 2.

Lanai also asks the Court to take judicial notice of nine district court opinions addressing similar issues and involving Plaintiff or Plaintiff's counsel. RJN ¶¶ 3-9; Reply RJN ¶¶ 1-2. Documents in the public record and documents filed in other courts are proper subjects of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court takes judicial notice of Exhibits 3-9 of Lanai's RJN and Exhibits 1-2 of the Reply RJN.

The Court does not rely on the documents submitted as Exhibit 10 to Lanai's RJN and Exhibits 3-4 of the Reply RJN, and it denies Lanai's request as to those documents as moot.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

## IV. DISCUSSION

### A. Love's ADA Claim

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation, including websites. 42 U.S.C. § 12182(a); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122 (2019). As Ninth Circuit precedent makes clear, Love can pursue injunctive relief even if he did not actually visit the Hotel. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017). To succeed on a discrimination claim under Title III of the ADA, a plaintiff must show that "(1) [s]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of [her] disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Lanai does not dispute the first two elements. The third element is satisfied when the plaintiff can show a violation of accessibility standards. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014).

Love's ADA claim is premised on Lanai's alleged failure to comply with Title 28 Code of Federal Regulations Section 36.302(e)(1)(ii), also known in the hospitality industry as the "Reservations Rule." The Rule requires hotels to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).

Love contends Lanai's reservation system violates Section 36.302(e) because the website does not provide sufficient detail about the accessible features in particular guestrooms to allow a wheelchair user to make an independent assessment of whether these features would meet his or her needs. FAC ¶ 18. As discussed above, Love contends that in order to assess whether a room meets his needs, he needs to know additional details about the features of the room which were not included on the reservations page. *See id.* ¶¶ 26-30. Love also contends that the use of the word

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

"accessible" to describe a particular feature is not sufficient to provide the necessary information required by the Reservations Rule. *See id*. ¶¶ 19-20.

### B.     The DOJ's Guidance

Importantly however, the Reservations Rule does not specify exactly what information hotels are "reasonably" required to disclose. *See* 28 C.F.R. § 36.302(e)(1)(ii). As a result, the DOJ received several comments when it drafted the Reservations Rule urging it to "identify the specific accessible features of hotel rooms that must be described in the reservations system." 28 C.F.R. § Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"). The commentators' concern was that, without further clarification, the Reservations Rule "essentially would require reservations systems to include a full accessibility report on each hotel or resort property in its system." *Id*. In response, the DOJ provided the following guidance on the breadth and application of the Reservations Rule:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.
>
> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

7

28 C.F.R. Pt. 36, App. A; *see also* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 FR 56,236, 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36). [4]

The DOJ's explanation sets forth four key principles: (1) "a reservations system is not intended to be an accessibility survey"; (2) "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)"; (3) "[f]or older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms"; and (4) "[f]or older hotels, information about important features that do not comply with the 1991 Standards." 28 C.F.R. Pt. 36, App. A.  The DOJ guidance is "entitled to substantial deference."  *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015); *Robles*, 913 F.3d at 904 ("DOJ's administrative guidance on ADA compliance is entitled to deference") (citing *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998)); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation.") (internal quotation marks and citations omitted).

### C. Lanai's Website Provides Information That is Sufficient to Comply with the Reservations Rule.

Lanai correctly argues that Love's ADA claim fails as a matter of law because the Hotel's website provides descriptions of accessible features that exceed the level of detail required by the ADA according to the DOJ's interpretation of the Reservations Rule in the 2010 Guidance. Although Love asserts that the Hotel's website "provide[s] no description or detail" (FAC ¶

---

[4] Also available online at: https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance.

20) and he sparsely quotes the accessible features listed on the Hotel website (*id*. ¶ 19), the website provides the following descriptions regarding the features in the accessible guestrooms under the "Hotel Amenities-Accessible Rooms" tab on the website's landing page:

> Accessible Guestrooms
> - Entry doors to accessible guestrooms and other interior allow at least 32' of clear passage width that provide at least 18' of clear floor space on the latch side
> - Accessible door hardware
> - Security latch or bolt on the hall door mounted no higher than 48" above the floor
> - *Space at the foot of each bed that is at least 36" wide*
> - *Guestrooms with one bed include at least a 36" wide route on each side*
> - *Guestrooms with two beds next to one another include a minimum of 36" between the two beds*
>
> Accessible Rooms: Bathrooms
> - Bathroom doors allow at least 32" of clear passage width and accessible approach clearance
> - Accessible bathroom door hardware and faucet controls
> - Clear floor space in accessible guestroom bathroom such that wheelchairs can turn
> - *Accessible toilet (height of 17" to 19" above floor) and accessible grab bars*
> - *Accessible wash basin no more than 34" high with at least 29" clearance under the front edge with accessible knee clearance. Plumbing is insulated and/or installed to avoid contact.*
> - Accessible bathroom towel racks and lowered vanity mirror.
>
> Accessible Rooms: Roll in Shower
> - *Securely fastened folding seat at 17" to 19" above the floor*
> - *Horizontal grab bar on the wall alongside the shower seat*
> - *Horizontal grab bar on the wall opposite the seat*
> - Roll-in shower is free of doors that would impede wheelchair transfer onto the seat
> - Roll-in shower is free of curbs or lips at the shower entrance
> - *Water controls are positioned on the wall such that they are operable from the shower seat or wheelchair*
>
> Accessible Rooms: Bathtubs
> - Transfer tub seat available
> - Adjustable height handheld shower wand with at least a 60" long hose
> - Horizontal grab bar at the foot of the tub (by the controls) at is at least 24" long
> - Horizontal grab bar at the head of the tub that is at least 12" long
>
> Accessible Hearing-Impaired Rooms That Include the Following:

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

9

- Television closed captioning
- TTY capabilities
- TDD telephone
- Visual smoke alarm device
- Visual notification device for door knocks and telephone calls

RJN ¶ 1, Ex. 1 at 2-3 (emphasis added).[5]

Despite the fact that this list of accessible features in the "Hotel Amenities-Accessible Rooms" tab includes all of the details that Love states are necessary for him to determine whether a room meets his accessibility needs (*id*. ¶¶ 27-30), Love argues that the website still violates the ADA's Reservations Rule because the information required by the Reservations Rule must be connected to a specific room that a disabled guest may seek to reserve. *See* Opp'n. to the Def's. Mot. to Dismiss the First Am. Compl. ("Opp'n."), Dkt. No. 20 at 3.  He alleges that the list of accessible features under the separate "Hotel Amenities-Accessible Rooms" tab is not sufficient to satisfy the requirement under the ADA that a person with a disability is entitled to be provided with more specific information about "*a given* hotel or guest room." 28 C.F.R. 36.302(e)(ii); *see* Opp'n. at 4 (emphasis added).

The Court is not persuaded by this argument as Love provides no DOJ Guidance and cites only one distinguishable district court case to support his position.  Indeed, the 2010 Guidance states that "it may be sufficient to specify that the hotel is accessible, *and for each accessible room*, describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g. roll in shower), and communications features available in the room (e.g. alarms and visual notification devices). 28 C.F.R. Pt. 36. App. A § 302 (emphasis added).  Although this is not an exhaustive list of features that hotels may list in relation to a particular room, other courts have held that meeting this threshold is sufficient to comply with the ADA's Reservations Rule.  *See, e.g.*, *Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *6 (N.D. Cal. Mar. 3, 2021) (finding website with similar descriptions and detail appropriate and acceptable under the

---

[5] The website also provides detailed information about the Hotel's accessible public spaces.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
10

DOJ's guidance); *Strojnik v. Orangewood*, No. 8:19-cv-00946-DSF, 2020 U.S. Dist. LEXIS 11743, at *21 (C.D. Cal. January 22, 2020), *aff'd* 829 F. App'x 783 (9th Cir. 2020) ("[W]ebsites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information."); *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB-JLB, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (granting motion to dismiss noting that plaintiff failed to cite any authority "suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked").

Love cites only one district court case to support his position, but *Garcia v. Patel & Joshi Hospitality Corp.* is easily distinguishable from the instant case. No. EDCV202666JGBPVCX, 2021 WL 1936809 (C.D. Cal. Mar. 19, 2021). In *Garcia*, the accessibility information on the hotel website consisted of statements that particular rooms were accessible, and descriptions of the general types of rooms, sizes and number of beds, and types of accessible bathing facilities. *Id.*, at *3. The *Garcia* court found that "Plaintiff's requested information about the accessibility of toilets or of clear floor space is sufficiently narrow and consistent with the kinds of information that the DOJ Guidance identifies as potentially sufficient to comply with the Reservations Rule" (*id.*, at *5) and therefore denied the motion to dismiss noting that "the fact that the Hotel's website includes information that the DOJ Guidance states 'may be sufficient' does not foreclose Plaintiff's claim that, here, that information is not 'enough detail to reasonably permit [him] to assess independently whether [the Hotel rooms] meet[ ] his . . . accessibility needs . . .'" *Id*., at *4 (citing 28 C.F.R. § 36.302(e)(1)(ii)). As this Court discussed above, the accessibility features that the DOJ Guidelines state "may be sufficient" in some cases do not constitute an exhaustive list of what may be necessary to comply with the ADA in every case. In the instant case, the Court finds that the information provided about each room on the reservations page combined with the detailed list of accessibility features provided under the "Hotel Amenities-Accessible Rooms" section of the Hotel's website are sufficient to comply with the Reservations Rule and to provide Love with the exact information that he states is necessary for him to assess independently

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
11

whether a particular room meets his accessibility needs. *Garcia* is thus distinguishable because much less accessibility information was available on the hotel website than is available in the instant case.

As noted above, Lanai's website includes a level of detail previously deemed sufficient to comply with the ADA by this Court and other courts. First, the Hotel's "Hotel Amenities-Accessible Rooms" section on its website gives a virtual Accessibility Survey of both the accessible rooms and the property. RJN ¶ 1, Ex. 1 at 2-3. Second, the 2010 Guidance makes clear that details about a hotel's accessible features "such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)" can be provided "once reservations are made" and do not have to be provided on the reservations website. *See* 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis." This alone shows that the very type of specificity that Love desires in this case is not required on a website. Love refers to the 2010 Guidance as "musings by the DOJ," (Opp'n. at 4) but, as noted above, the DOJ's guidance is entitled to substantial deference. *Kohler*, 782 F.3d at 1069.

Additionally, the DOJ's enforcement position in litigation about the accessibility guidelines further reinforces the sufficiency of the website's information. *See United States v. Hilton Worldwide, Inc.*, No. 10-cv-1924, ECF No. 5 (D.D.C. Nov. 29, 2010).[6] In *Hilton Worldwide, Inc.*, the DOJ alleged, inter alia, that the defendant's online reservations system did not "accurately reflect the inventory of accessible types of rooms and amenities available at each property[.]" HWI Consent Decree ¶ 8(c). The consent decree was entered to resolve the DOJ's ADA enforcement action involving a "system of more than 2,800 hotels throughout the United States . . . ." *Id*. ¶ 1. Under the HWI Consent Decree, the defendant entity was obligated to ensure that its reservations system:

---

[6] Pursuant to *Reyn's Pasta Bella, LLC,* 442 F.3d 746 n.6, the Court takes judicial notice of the DOJ's Consent Decree ("HWI Consent Decree") filed in *Hilton Worldwide*.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
12

> [I]dentify by room type which rooms are accessible, and for each such room type, which of the following accessibility or other features it has:
> (i) Number of beds
> (ii) Size of bed(s)
> (iii) Roll-in shower or accessible tub
> (iv) Visual alarms
> (v) Executive level
> (vi) Suite
> (vii) Kitchen/kitchenette
> (viii) View, if a particular hotel charges more for a room based on the view

*Id*. (HWI Consent Decree, ¶ 25(a)(i)-(viii)). In other words, the DOJ required the same guestroom accessibility information enumerated in its 2010 Guidance (all of which is present, as applicable, on the website in the instant case). *Compare* HWI Consent Decree ¶ 25(a)(i)-(viii) *with* 28 C.F.R. Pt. 36, App. A ("it may be sufficient . . . for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)"). This is a further indication of the DOJ's consistent position concerning the accessibility information required to comply with the regulations. *See Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 832 n.8 (9th Cir. 2012) (explaining that "deference to agency litigating positions" is warranted based on "factors such as the consistency of its position and its application of that position through administrative practice"). Moreover, the court's approval of the HWI Consent Decree reflects a judicial determination that the requirements imposed were "fair, adequate, reasonable, and appropriate under the particular facts[.]" *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (quoting *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)); *accord United States v. State of Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) ("Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable . . . [i]n addition, because it is a form of judgment, a consent decree must conform to applicable laws") (internal citations omitted).

1    Love contends that "the Consent Decree never mentions the relevant regulation, never cites
2    or uses the regulatory language, and was a settlement agreement reached in November of 2010—
3    almost half a year before the regulation at issue in this case became effective and enforceable, i.e.,
4    March 15, 2011." Opp'n. at 20. However, the Consent Decree tracks the requirements of the
5    Reservations Rule in ¶ 25, which is further indication of the DOJ's consistent position concerning
6    the accessibility information required to comply with the Reservations Rule. *See Stevedoring*
7    *Servs. of Am., Inc.*, 697 F.3d at 832 n.8 (explaining that "deference to agency litigating positions"
8    is warranted based on "factors such as the consistency of its position and its application of that
9    position through administrative practice").

In sum, the Court finds that Lanai's website complies with the regulations. As discussed above, the "Hotel Amenities-Accessible Rooms" section of the website not only provides the information contemplated by the 2010 Guidance ("information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms," 28 C.F.R. Pt. 36, App. A), but also detailed descriptions of the guest rooms' accessibility features. Indeed, the information provided under the website's "Hotel Amenities-Accessible Rooms" tab goes beyond the 2010 Guidance. *See* RJN ¶ 1, Ex. 1 at 2-3. Further, the website provides that if a guest requires additional information "the hotel can be contacted directly by customers regarding additional information relating to its accessibility features at the following telephone number: (408) 929-8100."[7] RJN ¶ 1, Ex. 1 at 2-3. Accordingly, the Court finds that Love fails to state a claim under the ADA for which relief can be granted and the first cause of action must be dismissed. As Love's pleading could not be cured by the allegation of other facts, the Court finds leave to amend would be futile.

---

[7] Love argues that the presence of a phone number on a hotel reservations website is not enough to bring a website into compliance with the Reservations Rule. The Court agrees but notes that the rest of the information provided by Lanai's website is sufficient to satisfy the Reservations Rule.

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
14

### D. Supplemental Jurisdiction

The Court, under 28 U.S.C. Section 1367(c), may decline to exercise supplemental jurisdiction under circumstances that include when "the district court has dismissed all claims over which it ha[d] original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). As the Court has dismissed the only federal claim before it, which provided the only basis for its original jurisdiction, the Court will exercise its discretion to decline jurisdiction over the remaining state law claims.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Lanai's motion to dismiss. As leave to amend would be futile, dismissal is **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: August 17, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-08918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
15